IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAINWORKS LIMITED | ) | CASE NO.: |
| PO Box 34155 | ) | |
| 21 Rawene Road | ) | |
| Birkenhead | ) | JUDGE |
| Auckland, New Zealand | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| MICHAEL LAURENCE HERDMAN | ) | |
| 21 Telstar Place | ) | |
| Auckland, New Zealand | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE MILL-ROSE COMPANY | ) | |
| 7995 Tyler Boulevard | ) | |
| Mentor, Ohio 44060 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| AMERISALES, INC. | ) | |
| 18470 Thompson Ct. | ) | |
| Tinley Park, Illinois 60477 | ) | VERIFIED COMPLAINT |
| | ) | (Patent infringement; Injunctive Relief; |
| -and- | ) | Unjust Enrichment; Unfair Competition; |
| | ) | Lanham Act violations; Ohio Deceptive |
| GUTTERPILLER INC. | ) | Trade Practices; Tortious Interference |
| 18470 Thompson Ct. | ) | with Contract; Tortious Interference |
| Tinley Park, Illinois 60477 | ) | with Business Relations |
| | ) | |
| -and- | ) | |
| | ) | |
| | ) | JURY DEMAND |

WILMINGTON INTERNATIONAL INC.    )
18470 Thompson Ct.    )
Tinley Park, Illinois 60477    )
    )
    -and-    )
    )
THOMAS J. DUFFY    )
11120 Laurel Hill Dr.    )
Orland Park, Illinois 60467    )
    )
    Defendants.    )

Plaintiffs, Rainworks Limited and Michael Herdman, for their complaint against defendants states as follows:

## PARTIES

1.    Plaintiff, Rainworks Limited ("Rainworks"), is a New Zealand corporation with its principal place of business in New Zealand. Rainworks is in the business of manufacturing and distributing gutter protection systems and rainwater harvesting components. One of the products Rainworks makes and sells is the internationally known Hedgehog™ gutter protector, which has won numerous awards for its innovative design. Rainworks sells its products throughout the world, including in the United States.

2.    Michael Laurence Herdman ("Herdman"), also known as Laurie Dee, is the managing director of Rainworks and a resident of New Zealand. Herdman is the inventor of the Hedgehog™ and the owner of the United States Patent Number Des. 381,068 for the ornamental design for a gutter filter.

3.    Defendant The Mill-Rose Company ("Mill-Rose") is an Ohio corporation headquartered in Mentor, Ohio. Mill-Rose is a manufacturer of twisted-in-wire brushes which it sells throughout the United States.

2

4.      Defendant AmeriSales, Inc. ("AmeriSales") is an Illinois corporation headquartered in Illinois which started doing business in 1999.  AmeriSales is a manufacturer of cleaning products and housewares.

5.      Defendant Gutterpiller Inc. ("GPI") is an Illinois corporation headquartered in Illinois which started doing business in 2001.  GPI markets and sells a gutter protector called a GutterPiller®.  It sells the GutterPiller® throughout the United States.  GPI advertises that it also sells its GutterPiller® gutter protectors through a network of distributors and franchisees, several of which are located in Ohio within this federal district.

6.      Wilmington International Inc. ("Wilmington") is an Illinois corporation headquartered in Illinois which started doing business in 1989.  Wilmington owns the GutterPiller® trademark.

7.      Thomas J. Duffy is a resident of Illinois.  He is also the president and sole shareholder of AmeriSales, an officer and sole shareholder of GPI, and an officer and shareholder of Wilmington.

8.      AmeriSales, GPI, and Wilmington are affiliates of one another, sharing common ownership and management

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over Claims 3, 6, 7, 8, 9, 10, and 11 pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum of $75,000.00 and there is complete diversity of citizenship of the parties.  This Court has original jurisdiction over Claims 1, 2, 4, and 5 pursuant to 28 U.S.C. §§ 1331 and 1338.

10.      The Court has personal jurisdiction over Mill-Rose because it is incorporated and headquartered in Ohio and transacts business within Ohio.  The Court has personal jurisdiction

3

over AmeriSales, GPI, Wilmington, and Duffy because they transact or have transacted business in this state and a substantial part of the events giving rise to plaintiffs' claims occurred within Ohio.

11.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) and (c) in that Mill-Rose is deemed to reside in the Northern District of Ohio for purposes of venue, and a substantial part of the events giving rise to plaintiffs' claims occurred in this district. Venue is also proper in this district pursuant to 28 U.S.C. § 1400.

FACTS COMMON TO ALL CLAIMS

12.    The Hedgehog™ Gutter Protection System was invented by Herdman. The Hedgehog is a three dimensional bristle filter system highly regarded for its innovative, yet simple solution for protecting gutters. Its unique features include lateral trimming, which enables brushmakers to custom make filters to fit virtually any kind of gutter profile, and which was something that had not been incorporated in twisted-in-wire brushware before the Hedgehog™. Another innovation of the Hedgehog™ is the cutting and sealing of the ends of the filters, which were industry firsts when accomplished.

13.    The Hedgehog™ and its United States branded version have won several awards, including best new hardware product at the 2001 Australian Hardware Show and the Retailers Choice Award at the 2001 American Hardware Show.

14.    The Hedgehog™ Gutter Protection System is marketed with the slogan "Stops everything but the rain."

15.    The Hedgehog™ Gutter Protection System is patented in Australia, Germany, and the United States. Herdman obtained a patent for the Hedgehog™ in the United States in 1997.

4

Herdman is the owner of United States Patent Number DES. 381,068 (hereafter the '068 Patent) in 1997. A true and accurate copy of the '068 Patent is attached as Exhibit 1.

16.     In 1997, Rainworks approached Mill-Rose about making, marketing, and selling the Hedgehog™ in the United States. In earlier years, Mill-Rose had experimented with the concept of using bristle to stop leaves from blocking gutters, but was unsuccessful in its efforts and opted not to make or sell such a product for gutters.

17.     To enable Mill-Rose to evaluate in 1997 whether it wanted to make, market, and sell the Hedgehog™, Rainworks agreed to provide Mill-Rose with confidential information and samples of the Hedgehog™. The parties entered into a Confidential Disclosure Agreement prior to Rainworks providing Mill-Rose with the confidential information and product samples, which included a proprietary formula for the bristles for the Hedgehog™. Pursuant to the terms of that agreement, all property relating to the Hedgehog remained the property of Rainworks, nothing in the agreement conveyed any rights in the product to Mill-Rose, and Mill-Rose agreed to treat all information concerning the product as confidential and to not use such information for any purpose other than to evaluate the product. A true and accurate copy of the Confidential Disclosure Agreement is attached as Exhibit 2.

18.     After evaluating the confidential information and samples, Mill-Rose expressed its interest in manufacturing the Hedgehog™ for Rainworks. Product demonstrations at the 1997 American Hardware Show confirmed significant consumer interest for the Hedgehog™. Subsequent discussions between Mill-Rose and its marketing agent, however, resulted in Mill-Rose deciding the Hedgehog™ did not fit Mill-Rose's market profile. As a result, Mill-Rose chose not to manufacture the Hedgehog™ for Rainworks.

19.     After Mill-Rose informed Rainworks that it would not manufacture the Hedgehog™, Rainworks met with Speare Tools about making and marketing the Hedgehog in the United States.™  Speare Tools, which was at that time partly owned by Duffy, expressed an interest in making and marketing the Hedgehog.

20.     To facilitate Speare Tools' evaluation about whether it wanted to make, market, and sell the Hedgehog™, Rainworks agreed to provide Speare Tools with confidential information and samples of the Hedgehog™.  The parties entered into a Non-Disclosure Agreement prior to Rainworks providing Speare Tools with the confidential information and product samples.  Pursuant to the terms of that agreement, signed by Duffy on behalf of Speare Tools, all property relating to the Hedgehog remained the property of Rainworks, nothing in the agreement conveyed any rights in the product to Speare Tools, and Speare Tools agreed to treat all information concerning the product as confidential and to not use such information for any purpose other than to evaluate the product.  A true and accurate copy of the Non-Disclosure Agreement is attached as Exhibit 3.

21.     At the end of 1997, Duffy left Speare Tools and joined Malina International, a company he owned.  While at Malina International, Duffy continued his discussions with Rainworks about making and marketing the Hedgehog™ in the United States for Rainworks.  Duffy expressed continued interest in marketing and selling the product through Malina International.

22.     To increase the marketability of the product, Duffy suggested that the product name be changed because hedgehogs do not exist in the United States.  As a result, Rainworks created the name Gutterpillar™, which was a play on the words gutter and caterpillar, to increase

6

brand awareness.  Rainworks also developed a logo for the alternative brand name of Gutterpillar™.

23.     Duffy located a manufacturer for the product, and a draft of a licensing agreement for the manufacture and sale of the Rainworks' gutter protector was exchanged among Rainworks, Malina International, and the manufacturer.  The manufacturer, however, ultimately refused to sign the agreement because of issues it had with Malina International.

24.     In 2000, Duffy approached Rainworks again about making, marketing, and selling Rainworks' gutter products, in particular its Hedgehog™ and Gutterpillar™ gutter protectors. Duffy, through his new company AmeriSales, indicated he had secured a manufacturer for the product and wanted to start selling Rainworks' gutter products.

25.     In June 2000, AmeriSales and Rainworks formalized their business relationship. The parties entered into a License Agreement for the manufacture and sale of gutter filters, gutter spades, and gutter brushes to be sold under the Gutterpillar™ brand name.  A true and accurate copy of the License Agreement is attached as Exhibit 4.

26.     Pursuant to the terms of the License Agreement, AmeriSales was granted the exclusive license to manufacture and market gutter protectors, gutter spades, and gutter brushes in North, Central, and South America.  In return, AmeriSales was to pay Rainworks a royalty based upon net sales of product.  Rainworks retained ownership of the Hedgehog™ and Gutterpillar™ brand names, and any other brand names used to market the products during the life of the License Agreement.  Any enhancements and improvements made to the products, whether developed by Rainworks or AmeriSales, were also owned by Rainworks.

27.     Pursuant to the terms of the License Agreement, AmeriSales was precluded from sub-licensing any of its rights, and AmeriSales also was precluded from marketing or

7

manufacturing a competing product during the term of and for one year after the termination of the License Agreement (the "Restricted Period"). AmeriSales was also prohibited from marketing gutter protectors, gutter spades, and gutter brushes, regardless of brand name, via the Internet. AmeriSales agreed that Rainworks retained the sole right to market and sell the products via the Internet.

28.     Pursuant to the terms of the License Agreement, AmeriSales also agreed that it would cease manufacturing gutter protectors, stop using all brand names associated with Rainworks' gutter protector, and discontinue use of Rainworks' intellectual property upon termination of the License Agreement.

29.     In February 2001, the License Agreement was amended to expand AmeriSales' exclusive rights to manufacture and market the products into Europe. AmeriSales was also granted permission to sub-license its rights under the License Agreement to a German company. Otherwise, the terms and conditions of the License Agreement remained unchanged. A true and accurate copy of the First Amendment is attached as Exhibit 5.

30.     In the summer of 2001, the Rainworks, Herdman, Duffy, and AmeriSales modified the brand name for Rainworks' gutter protector further and agreed that the product would be marketed and sold under the License Agreement via the brand name "GutterPiller." AmeriSales marketed and sold the gutter protector under the "GutterPiller" brand name and represented in its product literature that the "GutterPiller" gutter protector was covered by the '068 Patent. Rainworks and Herdman also agreed that, during the life of the License Agreement, the product could be marketed with the "Stops everything but the rain" slogan Rainworks had been and was using for the marketing of the Hedgehog™.

31.     Unbeknownst to Rainworks and Herdman, at the same time that AmeriSales and

8

its owner Duffy were purportedly promoting sales via the License Agreement, Duffy formed a new competing company named Gutterpiller, Inc. ("GPI") in May of 2001 to sell the GutterPiller® gutter protectors patented by Herdman and licensed by Rainworks to AmeriSales. The formation of GPI was done without the knowledge or consent of Rainworks and Herdman, and in the obvious attempt to avoid the royalty requirements of the License Agreement.

32.     AmeriSales never paid the minimum annual royalty required by either the License Agreement (for sales in North, Central, and South America) or the First Amendment (for sales in Europe). AmeriSales also failed to provide any of the required financial or sales statements.

33.     From June 2000 through March 2002, AmeriSales reported 25 total sales of the licensed products in all territories, and paid royalties totaling less than $250.00.

34.     Upon information and belief, AmeriSales failed to report and pay royalty for sales of licensed product.

35.     On July 30, 2002, Rainworks terminated the License Agreement because of AmeriSales' breaches of the License Agreement.

36.     Upon information and belief, GPI, AmeriSales, and/or Duffy sold GutterPiller® branded gutter protectors (or secured sales for such gutter protectors) for the benefit of GPI during the Restricted Period and thereafter.  Neither Rainworks nor Herdman consented to such actions, particularly as those actions relate to sales made after the License Agreement was terminated.

37.     After termination of the License Agreement, Duffy, AmeriSales, Wilmington, and/or GPI continued using the gutter protector brand names owned by Rainworks.  GPI, Duffy, and/or Wilmington also began advertising and selling a knock-off GutterPiller® product via the

9

Internet in direct competition with Rainworks.  GPI also continued to advertise its knock-off GutterPiller® with the Rainworks gutter protector slogan – "Stops everything but the rain."

38.    The GutterPiller® gutter protectors advertised on GPI's website and marketed and sold by GPI, Duffy, and/or Wilmington are identical to the gutter protectors patented and sold by Rainworks and licensed earlier to AmeriSales from 2000 through part of 2002.

39.    Mill-Rose, the company which Rainworks had approached in 1997 about manufacturing its patented gutter protectors, but which chose not to do so with Rainworks, began manufacturing the knock-off GutterPiller® gutter protectors for GPI, Duffy, and/or Wilmington after termination of the License Agreement.

40.    After termination of the License Agreement, Duffy, through Wilmington, registered the brand name GUTTERPILLER as a formal trademark to be used for the competing sale of gutter protectors which are identical to the gutter protectors patented and sold by Rainworks and/or Herdman.

41.    Neither Rainworks nor Herdman consented to the manufacture, sale, or offer for sale by Duffy, GPI, Wilmington, and/or Mill-Rose of the knock-off GutterPiller® gutter protectors, or the continued use of the brand names or slogans which are owned by Rainworks.

42.    Duffy, GPI, AmeriSales, Wilmington, and Mill-Rose never paid any royalty to Rainworks or Herdman for their manufacture and/or sale of the knock-off GutterPiller® gutter protectors.

43.    After termination of the License Agreement, Rainworks sought and found a replacement company to sell and market its gutter protectors in the United States.  After several discussions, Rainworks offered the company the license to sell Rainworks' gutter protectors in the United States and Europe.  Duffy, AmeriSales, Wilmington, and/or GPI learned of the offer

10

and prevented Rainworks and the other company from finalizing the agreement by, among other things, threatening litigation and refusing to transfer assets which Rainworks had licensed to AmeriSales but which belonged to Rainworks.

44.    In 2006, Rainworks and Herdman learned that GPI, Duffy, AmeriSales, and/or Wilmington sold numerous GutterPiller® gutter protectors and were representing that they had established a network of over 70 distributors and franchisees for the sale of the knock-off GutterPiller® gutter protectors. The GutterPiller® gutter protectors are identical in appearance to the design claimed in the '068 Patent, or are otherwise so similar in appearance that, from the viewpoint of the ordinary observer, the patented design of the '068 Patent as a whole is substantially the same as the design of the GutterPiller® gutter protectors.

45.    GPI falsely advertises its knock-off GutterPiller® gutter protector as being patented, having won awards it did not win, and being a new product. A true and accurate copy of such an advertisement from GPI's website is attached as Exhibit 6.

46.    Upon information and belief, each reference in GPI's advertising of the GutterPiller® gutter protector as being patented refers to the coverage of the GutterPiller® gutter protector by the '068 Patent.

47.    Herdman and Rainworks told Mill-Rose and Duffy from the outset about the existence and ownership of the '068 Patent, and at all relevant times hereto, Duffy, AmeriSales, GPI, Wilmington, and Mill-Rose knew of the '068 Patent, knew that the GutterPiller® and Hedgehog™ gutter protectors were and are covered by the '068 Patent, and knew that all property rights to GutterPiller® and Hedgehog™ styled gutter protectors belong to Rainworks and/or Herdman.

FIRST CLAIM FOR RELIEF
(Patent Infringement by GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose)
(Injunction)

48.     GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose have made, used, sold,

offered or exposed for sale, or applied a design to, and/or continue to make, use, sell, offer or

expose for sale, or apply a design to gutter protectors which are identical to, or are a colorable

imitation of, those manufactured and sold by Rainworks and/or which are covered by the '068

Patent.

49.     By having made, used, sold, or offered or exposed for sale; continuing to make,

use, sell, or offer or expose for sale; and/or aiding and abetting the manufacture, use, sale, or

offer for sale of gutter protectors which are identical to or are a colorable imitation of the

Hedgehog™ and/or the design claimed in the '068 Patent, GPI, Duffy, AmeriSales, Wilmington,

and Mill-Rose have infringed and/or are infringing the claim of the '068 Patent.

50.     GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose have and are willfully

infringing the '068 Patent.

51.     The actions and activities of GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose

have been without the express or implied license of either Rainworks or Herdman.

52.     GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose were and are aware that

Rainworks' gutter protectors are manufactured and sold by Rainworks pursuant to and under the

'068 Patent.

53.     Rainworks and Herdman have given written notice via this complaint and

otherwise to GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose of their infringement.

54.     GPI, Duffy, AmeriSales, Wilmington, and/or Mill-Rose had actual notice of the

'068 Patent before the unauthorized manufacture, use, sale, offer for sale, and/or aiding and

12

abetting of such manufacture, use, sale, or offer of sale of the GutterPiller® gutter protector by, among other things, their receipt of copies of the '068 Patent and correspondence referencing the '068 Patent and by virtue of GPI's advertising of the GutterPiller® gutter protector as being patented or knowing such statement referred to the coverage of the GutterPiller® gutter protector by the '068 Patent.

55.     The manufacture, use, sale, offer for sale, and/or aiding and abetting of such manufacture, use, sale, or offer of sale by GPI, Duffy, AmeriSales, Wilmington, and/or Mill-Rose of the infringing gutter protector has caused and will continue to cause Rainworks and/or Herdman to lose markets and opportunities for the sale of the Hedgehog™ gutter protector.

56.     The wrongful acts of GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose have caused and will continue to cause Rainworks and Herdman to lose revenue from the potential sale of the Hedgehog™ gutter protectors.  Those acts also will cause Rainworks and Herdman to expend energies and funds to protect against the loss of market share.

57.     Rainworks and Herdman have no adequate remedy at law and will be irreparably damaged, including loss of goodwill, competitive advantage, and market share unless the actions of GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose are enjoined.

SECOND CLAIM FOR RELIEF
(Patent Infringement by GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose)
(Damages)

58.     Rainworks and Herdman incorporate all of the allegations contained in paragraphs 1 through 57 of the Complaint as if fully rewritten herein.

59.     Pursuant to 35 U.S.C. §§ 284 and 289, Rainworks and/or Herdman are entitled to an award of damages from GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose for the infringement by them of Rainworks and/or Herdman's rights under the '068 Patent.

60.     Pursuant to 35 U.S.C. § 284, Rainworks and/or Herdman are also entitled to treble damages against GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose because of their intentional and willful infringement.

### THIRD CLAIM FOR RELIEF
(Unjust Enrichment by GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose)

61.     Rainworks and Herdman incorporate all of the allegations contained in paragraphs 1 through 60 of the Complaint as if fully rewritten herein.

62.     The manufacture, use, and/or sale of the infringing gutter protector by GPI, Duffy, AmeriSales, Wilmington, and/or Mill-Rose has resulted in them being conferred a substantial benefit at the expense of Rainworks and Herdman and without payment to either Rainworks or Herdman.

63.     Defendants' retention of this substantial benefit without payment would be unjust and inequitable.

64.     Defendants are obligated to compensate Rainworks and/or Herdman for the substantial benefit unjustly retained by them.

### FOURTH CLAIM FOR RELIEF
(Unfair Competition by GPI, Duffy, AmeriSales, and Mill-Rose)

65.     Rainworks and Herdman incorporate all of the allegations contained in paragraphs 1 through 64 of the Complaint as if fully rewritten herein.

66.     GPI, Duffy, AmeriSales, Wilmington, and/or Mill-Rose are gaining an unfair advantage over Rainworks in the marketplace by utilizing and selling (or by aiding and abetting the use and sale of) an infringing product, while not being licensed or otherwise paying for the manufacture, use, and/or sale of the infringing product.

14

67.     Defendants' unfair compensation has resulted and is resulting in damages to Rainworks and/or Herdman in an amount in excess of $100,000, to be specifically determined at trial.

### FIFTH CLAIM FOR RELIEF
(Lanham Act violations by GPI, Duffy, and Wilmington)

68.     Rainworks and Herdman incorporate all of the allegations contained in paragraphs 1 through 67 of the Complaint as if fully rewritten herein.

69.     GPI, Duffy, and/or Wilmington have made and continue to make false and misleading statements about the characteristics and nature of the GutterPiller® gutter protector.

70.     The false and misleading statements were made in commerce and in the context of commercial advertising and promotion used in connection with the GutterPiller® gutter protector.

71.     The false and misleading statements were material, and were intended to influence the purchasing decisions of third parties.

72.     The false and misleading statements actually deceived, or had the tendency to deceive, purchasers of gutter protectors.

73.     The false and misleading statements by GPI, Duffy, and/or Wilmington (and/or aided and abetted by Duffy and/or Wilmington) violate 15 U.S.C. § 1125(a).

74.     As a result of the false and misleading statements, Rainworks and/or Herdman have been, or are likely to be, injured, irreparably harmed, and damaged in amount in excess of $100,000.00, to be specifically proven at trial.  Pursuant to 15 U.S.C. § 1117, Rainworks and/or Herdman are entitled to recover those damages from GPI, Duffy, and/or Wilmington.

75.    Pursuant to 15 U.S.C. § 1116(a), Rainworks and/or Herdman are entitled to an order enjoining GPI, Duffy, and Wilmington from further publication and distribution of any materials that contain the false and misleading statements.

76.    Because GPI, Duffy, and Wilmington acted willfully, with malice, and with wrongful and willful intent to injure Rainworks and/or Herdman, or in reckless disregard of the rights of Rainworks and/or Herdman, an award to Rainworks and/or Herdman of punitive damages and the recovery of their attorney fees is warranted pursuant to 15 U.S.C. § 1117.

SIXTH CLAIM FOR RELIEF
(Deceptive Trade Practices by GPI, Duffy, and Wilmington)

77.    Rainworks and Herdman incorporate all of the allegations contained in paragraphs 1 through 76 of the Complaint as if fully rewritten herein.

78.    GPI, Duffy, and/or Wilmington have made and continue to make false and misleading statements about the characteristics and nature of the GutterPiller® gutter protectors.

79.    The false and misleading statements were made in the course of GPI, Duffy, and Wilmington's business.

80.    The false and misleading statements were material, and were intended to influence the purchasing decisions of third parties.

81.    The false and misleading statements actually deceived, or had the tendency to deceive, purchasers of gutter protectors.

82.    The false and misleading statements by GPI, Duffy, and/or Wilmington (and/or aided and abetted by Duffy and/or Wilmington) violate Ohio Revised Code § 4165.02.

16

83.　　As a result of the false and misleading statements, Rainworks and/or Herdman have been, or are likely to be, injured, irreparably harmed, and damaged in amount in excess of $100,000.00, to be specifically proven at trial.

84.　　Pursuant to Ohio Revised Code § 4165.03, Rainworks and/or Herdman are entitled to an order enjoining GPI and Duffy from further publication and distribution of any materials that contain the false and misleading statements.

85.　　Because GPI and Duffy acted willfully, with malice, and with wrongful and willful intent to injure Rainworks and/or Herdman, or in reckless disregard of the rights of Rainworks and/or Herdman, an award to Rainworks and/or Herdman of punitive damages and the recovery of their attorney fees is warranted pursuant to Ohio Revised Code § 4165.03.

## SEVENTH CLAIM FOR RELIEF
### (Breach of Contract by Mill-Rose)

86.　　Rainworks and Herdman incorporate all of the allegations contained in paragraphs 1 through 85 of the Complaint as if fully rewritten herein.

87.　　Rainworks performed all of its obligations under its Confidential Disclosure Agreement with Mill-Rose.

88.　　Mill-Rose breached the Confidential Disclosure Agreement by disclosing and using, without authorization, confidential information relating to the Hedgehog™ gutter protectors, and misappropriating the intellectual property and other rights in the Hedgehog™ gutter protector belonging to Rainworks and/or Herdman.

89.　　As a direct and proximate result of Mill-Rose's breach, Rainworks has suffered damages in an amount in excess of $100,000, to be specifically proven at trial.

17

## EIGHTH CLAIM FOR RELIEF
### (Breach of Contract by AmeriSales)

90.     Rainworks and Herdman incorporate all of the allegations contained in paragraphs 1 through 89 of the Complaint as if fully rewritten herein.

91.     Rainworks performed all of its obligations under its License Agreement with AmeriSales.

92.     AmeriSales breached the License Agreement by, among other things, competing against Rainworks; assisting others to compete against Rainworks; engaging in Internet sales of gutter protectors; continuing to manufacture gutter protectors, use brand names associated with Rainworks' gutter protector, and use Rainworks' intellectual property after termination of the License Agreement; disclosing and using, without authorization, confidential information relating to Rainworks' gutter protectors; and misappropriating the intellectual property and other rights in the Hedgehog™ gutter protector belonging to Rainworks and/or Herdman.

93.     As a direct and proximate result of Mill-Rose's breach, Rainworks has suffered damages in an amount in excess of $100,000, to be specifically proven at trial.

## NINTH CLAIM FOR RELIEF
### (Tortious Interference with Prospective Economic Advantage by GPI, Duffy, Wilmington, and AmeriSales)

94.     Rainworks and Herdman incorporate all of the allegations contained in paragraphs 1 through 93 of the Complaint as if fully rewritten herein.

95.     Rainworks and Herdman had a valuable prospective economic relationship with a company to sell Rainworks' gutter protectors in the United States and Europe.

96.     GPI, Duffy, AmeriSales, and Wilmington knew of the valuable prospective economic advantage.

97.     Despite their knowledge, GPI, Duffy, AmeriSales, and Wilmington intentionally interfered with such prospective economic advantage through the use of improper means.

98.     Such interference was not privileged.

99.     As a direct and proximate result of the tortious interference by GPI, Duffy, AmeriSales, and Wilmington, Rainworks and/or Herdman suffered damages in an amount in excess of $100,000.00, to be specifically proven at trial.

100.    Because GPI, Duffy, AmeriSales, and Wilmington acted willfully, with malice, and with wrongful and willful intent to injure Rainworks and/or Herdman via their tortuous interference, an award of punitive damages and the recovery of their attorneys' fees are warranted.

## TENTH CLAIM FOR RELIEF
(Tortious Interference with Contract by GPI, Duffy, AmeriSales, and Wilmington)

101.    Rainworks and Herdman incorporate all of the allegations contained in paragraphs 1 through 100 of the Complaint as if fully rewritten herein.

102.    Rainworks and Mill-Rose entered into a valid contract.

103.    GPI, Duffy, AmeriSales, and Wilmington knew of the contract.

104.    Despite their knowledge, GPI, Duffy, AmeriSales, and Wilmington intentionally interfered with the contract through the use of improper means.

105.    Such interference was not privileged.

106.    As a direct and proximate result of the tortious interference by GPI, Duffy, AmeriSales, and Wilmington, Rainworks suffered damages in an amount in excess of $100,000.00, to be specifically proven at trial.

19

107.    Because GPI, Duffy, AmeriSales, and Wilmington acted willfully, with malice, and with wrongful and willful intent to injure Rainworks via their tortuous interference, an award of punitive damages and the recovery of attorneys' fees are warranted.

ELEVENTH CLAIM FOR RELIEF
(Tortious Interference with Contract by Mill-Rose)

108.    Rainworks and Herdman incorporate all of the allegations contained in paragraphs 1 through 107 of the Complaint as if fully rewritten herein.

109.    Rainworks and AmeriSales entered into a valid contract.

110.    Mill-Rose knew of the contract.

111.    Despite its knowledge, Mill-Rose intentionally interfered with the contract through the use of improper means.

112.    Such interference was not privileged.

113.    As a direct and proximate result of the tortious interference by Mill-Rose, Rainworks suffered damages in an amount in excess of $100,000.00, to be specifically proven at trial.

114.    Because Mill-Rose acted willfully, with malice, and with wrongful and willful intent to injure Rainworks via its tortuous interference, an award of punitive damages and the recovery of attorneys' fees are warranted.

PRAYER

**WHEREFORE**, Rainworks and Herdman request the following relief:

A.    Judgment that GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose infringed U.S. Patent No. Des. 381,068;

20

B.      Judgment that GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose willfully infringed U.S. Patent No. Des. 381,068;

C.      A permanent injunction enjoining GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose (and any of their officers, agents, servants, affiliates, subsidiaries, employees, and all others acting in their behalf or in participation or concern with them) from infringement of U.S. Patent No. Des. 381,068, whether it be direct, contributory, or by inducement;

D.      Recovery against defendants for defendants' infringement, including: (i) defendants' total profits, or $250 for each act of infringement, as provided in 35 U.S.C. § 289 and/or damages to compensate for defendants' infringement in an amount no less than a reasonable royalty for the use of the patented invention by the infringers, together with interest and costs as fixed by the Court; (ii) exemplary damages up to three times of the amount found and assessed; (iii) costs of this action; and (iv) attorneys fees, as provided in 35 U.S.C. § 284;

E.      Permanent injunction directing GPI, Duffy, and Wilmington (and any of their officers, agents, servants, affiliates, subsidiaries, employees, and all others acting in their behalf or in participation or concern with them) to: (i) stop engaging in or undertaking, directly or indirectly, false advertising regarding the quality and characteristics of the GutterPiller® gutter protector, including advertising in any form, media, or format, (including via the Internet), that the Gutterpiller® is patented, has won awards, and is new; (ii) stop using in any manner (including via any advertising or marketing) any brand name owned by Rainworks or Herdman; and (iii) undertake corrective and remedial advertising by the same media and with the same distribution and frequency as the false advertising, as provided in 15 U.S.C. § 1116;

F.      Recovery against GPI, Duffy, and Wilmington for their false advertising and deceptive trade practices, including:  (i) damages reflecting the profits of GPI, Duffy, and

Wilmington and the damages sustained by Rainworks and/or Herdman; (ii) exemplary damages up to three times of the amount found and assessed; (iii) costs of this action; and (iv) attorneys fees, as provided in 15 U.S.C. § 1117 and/or Ohio Revised Code § 4165.03;

G.      Damages according to proof against Mill-Rose for its breach of contract;

H.      Damages according to proof against AmeriSales for its breach of contract;

I.      A permanent injunction enjoining Mill-Rose and AmeriSales (and any of their officers, agents, servants, affiliates, subsidiaries, employees, and all others acting in their behalf or in participation or concern with them) from either directly or indirectly using or disclosing Rainworks' confidential information and violating their confidentiality agreements;

J.      Recovery against GPI, Duffy, AmeriSales, Wilmington, and Mill-Rose for their tortious interference, including (i) damages according to proof; and (ii) exemplary damages, as provided in Ohio Revised Code § 2315.21; and

K.      Such further and additional relief as this Court deems just and equitable.

Respectfully submitted,

/s/ H. Alan Rothenbuecher
H. Alan Rothenbuecher  (0041883)
  hrothenbuecher@szd.com
Roger A. Gilcrest (0019663)
  rgilcrest@szd.com
Jay E. Krasovec  (0068787)
  jkrasovec@szd.com
Schottenstein Zox & Dunn Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Ave., Suite 1400
Cleveland, Ohio 44115

*Attorneys for Plaintiffs*
*Rainworks Limited and*
*Michael Laurence Herdman*

## VERIFICATION

Michael Laurence Herdman, being first duly sworn according to law, deposes and states that he is the Managing Director of Rainworks Limited; that he is authorized to sign on behalf of Rainworks; that he has read the foregoing Verified Complaint; and that based upon information either known to him or available to Rainworks at this time, the factual statements contained in the Verified Complaint are true and correct to the best of his knowledge, information, and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHAEL LAURENCE HERDMAN

| | | |
|---|---|---|
| PROVINCE OF AUCKLAND | ) | |
| | ) | SS. |
| COUNTRY OF NEW ZEALAND | ) | |

SWORN TO BEFORE ME and subscribed in my presence this _9_ day of June, 2006.

_____
NOTARY PUBLIC

Peter A.T. Thomas JP
26 Inkster St
Birkenhead
North Shore City

23

## JURY DEMAND

Plaintiffs, Rainworks and Herdman, demand a trial by jury on all issues so triable.

/s/ H. Alan Rothenbuecher
H. Alan Rothenbuecher

## EXHIBITS

1.  United States Patent No. DES. 381,068

2.  Confidential Disclosure Agreement – Mill-Rose

3.  Non-Disclosure Agreement – Speare Tools

4.  License Agreement

5.  First Amendment to License Agreement

6.  GutterPiller® advertisement

AO 440 (Rev. 06/06) Summons in a Civil Action

# United States District Court

## NORTHERN DISTRICT OF OHIO

Rainworks Limited, et al.

**SUMMONS IN A CIVIL CASE**

**V.**

Case Number:

Judge:

The Mill-Rose Company, et al.

Magistrate Judge:

TO: (Name and address of defendant)

     The Mill-Rose Company
     c/o Victor Miller
     7995 Tyler Blvd.
     Mentor, Ohio 44060

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

     H. Alan Rothenbuecher, Esq.
     Schottenstein Zox & Dunn, Co., LPA
     US Bank Centre at Playhouse Square
     1350 Euclid Ave., Suite 1400
     Cleveland, Ohio 44115

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after
service.

GERI M. SMITH _____       DATE:
Clerk of Courts

_____
(By) Deputy Clerk

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

|  | DATE |
|---|---|
| Service of the Summons and Complaint was made by me ₁ | |

| Name of SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐   Served Personally upon the Defendant. Place where served:

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐   Returned unexecuted:

☐   Other *(specify):*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on:
(*Date*     )

_____
*Signature of Server*


*Address of Server*

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 06/06) Summons in a Civil Action

# United States District Court

## NORTHERN DISTRICT OF OHIO

Rainworks Limited, et al.

### **SUMMONS IN A CIVIL CASE**

**V.**

Case Number:

The Mill-Rose Company, et al.

Judge:

Magistrate Judge:

TO: (Name and address of defendant)

The Mill-Rose Company
7995 Tyler Blvd.
Mentor, Ohio  44060

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

H. Alan Rothenbuecher, Esq.
Schottenstein Zox & Dunn, Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Ave., Suite 1400
Cleveland, Ohio  44115

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after
service.

GERI M. SMITH _____        DATE:
Clerk of Courts

_____
(By) Deputy Clerk

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me ₁ | |

| Name of SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other *(specify):*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on:
(*Date* )

_____
*Signature of Server*

*Address of Server*

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 06/06) Summons in a Civil Action

# United States District Court

## NORTHERN DISTRICT OF OHIO

Rainworks Limited, et al.

**SUMMONS IN A CIVIL CASE**

**V.**

Case Number:

The Mill-Rose Company, et al.

Judge:

Magistrate Judge:

TO: (Name and address of defendant)

Gutterpiller, Inc.
c/o Ronald Rosenblum, Registered Agent
111 W. Washington Street, Suite 823
Chicago, IL  60602

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

H. Alan Rothenbuecher, Esq.
Schottenstein Zox & Dunn, Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Ave., Suite 1400
Cleveland, Ohio  44115

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after
service.

GERI M. SMITH                                       DATE:
Clerk of Courts

(By) Deputy Clerk

AO 440 (Rev. 10/93) Summons in a Civil Action

---

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me ₁ | |

| Name of SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐    Served Personally upon the Defendant. Place where served:

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐    Returned unexecuted:

☐    Other *(specify):*

---

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | . | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on:
(*Date*  )

_____
*Signature of Server*


*Address of Server*

---

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 06/06) Summons in a Civil Action

# United States District Court

## NORTHERN DISTRICT OF OHIO

Rainworks Limited, et al.

**SUMMONS IN A CIVIL CASE**

**V.**

Case Number:

The Mill-Rose Company, et al.

Judge:

Magistrate Judge:

TO: (Name and address of defendant)

Gutterpiller, Inc.
18470 Thompson Court
Tinley Park, IL  60477

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

H. Alan Rothenbuecher, Esq.
Schottenstein Zox & Dunn, Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Ave., Suite 1400
Cleveland, Ohio  44115

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after
service.

GERI M. SMITH _____        DATE:
Clerk of Courts

_____
(By) Deputy Clerk

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| | | DATE |
| Service of the Summons and Complaint was made by me 1 | | |
| Name of SERVER (PRINT) | | TITLE |

*Check one box below to indicate appropriate method of service*

☐    Served Personally upon the Defendant. Place where served:

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
      Name of person with whom the summons and complaint were left:

☐    Returned unexecuted:

☐    Other *(specify):*

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |
| | | |

| DECLARATION OF SERVER |
|---|
|      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct. |

Executed on:
*(Date    )*

_____
      *Signature of Server*


      *Address of Server*

---

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 06/06) Summons in a Civil Action

# United States District Court
## NORTHERN DISTRICT OF OHIO

Rainworks Limited, et al.

**SUMMONS IN A CIVIL CASE**

**V.**

Case Number:

The Mill-Rose Company, et al.

Judge:

Magistrate Judge:

TO: (Name and address of defendant)

Amerisales, Inc.
c/o Ronald Rosenblum, Registered Agent
111 W. Washington Street, Suite 823
Chicago, IL  60602

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

H. Alan Rothenbuecher, Esq.
Schottenstein Zox & Dunn, Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Ave., Suite 1400
Cleveland, Ohio  44115

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after
service.

GERI M. SMITH _____          DATE:
Clerk of Courts

_____
(By) Deputy Clerk

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |

| Name of SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other *(specify):*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on:
(*Date*    )

_____
*Signature of Server*

*Address of Server*

---

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 06/06) Summons in a Civil Action

# United States District Court
## NORTHERN DISTRICT OF OHIO

Rainworks Limited, et al.                                **SUMMONS IN A CIVIL CASE**

### V.

                                                         Case Number:

The Mill-Rose Company, et al.                            Judge:

                                                         Magistrate Judge:

          TO: (Name and address of defendant)

                Amerisales, Inc.
                18470 Thompson Court
                Tinley Park, IL  60477

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

                H. Alan Rothenbuecher, Esq.
                Schottenstein Zox & Dunn, Co., LPA
                US Bank Centre at Playhouse Square
                1350 Euclid Ave., Suite 1400
                Cleveland, Ohio  44115

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after
service.

GERI M. SMITH                                            DATE:
Clerk of Courts


(By) Deputy Clerk

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me ₁ | |

| Name of SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other *(specify):*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on:
(*Date*    )

_____
*Signature of Server*


*Address of Server*

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 06/06) Summons in a Civil Action

# United States District Court

## NORTHERN DISTRICT OF OHIO

Rainworks Limited, et al.

**SUMMONS IN A CIVIL CASE**

### V.

Case Number:

The Mill-Rose Company, et al.

Judge:

Magistrate Judge:

TO: (Name and address of defendant)

Wilmington International Inc.
c/o Ronald Rosenblum, Registered Agent
111 W. Washington Street, Suite 823
Chicago, IL  60602

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

H. Alan Rothenbuecher, Esq.
Schottenstein Zox & Dunn, Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Ave., Suite 1400
Cleveland, Ohio  44115

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after
service.

GERI M. SMITH
Clerk of Courts

DATE:

(By) Deputy Clerk

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE |
|---|

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me ₁ | |

| Name of SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other *(specify):*

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |
| | | |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on:
(Date    )

_____
*Signature of Server*


*Address of Server*

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 06/06) Summons in a Civil Action

# United States District Court
## NORTHERN DISTRICT OF OHIO

Rainworks Limited, et al.

### V.

The Mill-Rose Company, et al.

**SUMMONS IN A CIVIL CASE**

Case Number:

Judge:

Magistrate Judge:

TO: (Name and address of defendant)

Wilmington International Inc.
18470 Thompson Court
Tinley Park, IL  60477

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

H. Alan Rothenbuecher, Esq.
Schottenstein Zox & Dunn, Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Ave., Suite 1400
Cleveland, Ohio  44115

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after
service.

GERI M. SMITH _____
Clerk of Courts

DATE:

_____
(By) Deputy Clerk

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE |
|---|

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me ₁ | |

| Name of SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐      Served Personally upon the Defendant. Place where served:

☐      Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
             Name of person with whom the summons and complaint were left:

☐      Returned unexecuted:

☐      Other *(specify):*

| STATEMENT OF SERVICE FEES |
|---|

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

| DECLARATION OF SERVER |
|---|

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on:
(*Date*     )

_____
          *Signature of Server*


          *Address of Server*

---

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 06/06) Summons in a Civil Action

# United States District Court

## NORTHERN DISTRICT OF OHIO

Rainworks Limited, et al.

**SUMMONS IN A CIVIL CASE**

### V.

Case Number:

The Mill-Rose Company, et al.

Judge:

Magistrate Judge:

TO: (Name and address of defendant)

Thomas J. Duffy
11120 Laurel Hill Drive
Orland Park, IL  60467

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

H. Alan Rothenbuecher, Esq.
Schottenstein Zox & Dunn, Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Ave., Suite 1400
Cleveland, Ohio  44115

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after
service.

GERI M. SMITH _____   DATE:
Clerk of Courts

_____
(By) Deputy Clerk

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

|  | DATE |
| --- | --- |

Service of the Summons and Complaint was made by me ₁

| Name of SERVER (PRINT) | TITLE |
| --- | --- |

### *Check one box below to indicate appropriate method of service*

☐  Served Personally upon the Defendant. Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other *(specify):*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
| --- | --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on:
*(Date      )*

_____
*Signature of Server*

*Address of Server*

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.