## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Rainworks Limited and Michael Laurence Herdman,

        Plaintiffs,

v.

The Mill-Rose Company, Amerisales, Inc., Gutterpiller Inc., Wilmington International Inc. and Thomas J. Duffy,

        Defendants.

Civil Action No. 1:06cv1549

Judge Boyko

Magistrate Judge Perelman

**DEMAND FOR JURY TRIAL
ENDORSED HEREON**

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant, The Mill-Rose Company ("Mill-Rose"), as and for its answer to the Complaint filed by Rainworks Limited and Michael Laurence Herdman ("Plaintiffs"), alleges, avers and states as follows:

## GENERAL DENIAL

Except as hereinafter expressly admitted, Mill-Rose denies each and every allegation contained in the Complaint.

## SPECIFIC RESPONSES

1.      Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies those allegations.

2.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies those allegations.

3.     Mill-Rose admits the allegations in paragraph 3 of the Complaint.

4.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies those allegations.

5.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, therefore, denies those allegations.

6.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, therefore, denies those allegations.

7.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, therefore, denies those allegations.

8.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies those allegations.

## JURISDICTION AND VENUE

9.     Mill-Rose admits that subject matter jurisdiction of Claims 1 and 2 is properly conferred on this Court. Mill-Rose denies the remainder of the allegations of paragraph 9 of the Complaint.

2

10.     Mill-Rose admits that the Court has personal jurisdiction over Mill-Rose.  Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 10 of the Complaint and, therefore, denies those allegations.

11.     Mill-Rose admits that venue is proper.

## FACTS COMMON TO ALL CLAIMS

12.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, therefore, denies those allegations.

13.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, therefore, denies those allegations.

14.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, therefore, denies those allegations.

15.     Mill-Rose admits that what is purported to be a copy of United States Patent Number DES. 381, 068 was attached to the Complaint as Exhibit 1.  Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 15 of the Complaint and, therefore, denies those allegations.

16.     Mill-Rose admits that Rainworks approached Mill-Rose regarding certain types of brushes.  Mill-Rose denies the remainder of the allegations in paragraph 16 of the Complaint.

17.     Mill-Rose admits that what is purported to be a copy of the Confidential Disclosure Agreement is attached to the Complaint at Exhibit 2.  Mill-Rose denies the

3

allegations of paragraph 17 to the extent they characterize the terms of the Agreement, since the Agreement speaks for itself.

18.     Mill-Rose admits that it had discussions with Rainworks regarding brushes. Mill-Rose denies the remainder of the allegations of paragraph 17 of the Complaint.

19.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, therefore, denies those allegations.

20.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and, therefore, denies those allegations.

21.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and, therefore, denies those allegations.

22.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and, therefore, denies those allegations.

23.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, therefore, denies those allegations.

24.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and, therefore, denies those allegations.

25.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and, therefore, denies those allegations.

26.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and, therefore, denies those allegations.

27.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and, therefore, denies those allegations.

28.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and, therefore, denies those allegations.

29.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and, therefore, denies those allegations.

30.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and, therefore, denies those allegations.

31.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and, therefore, denies those allegations.

32.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, therefore, denies those allegations.

33.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and, therefore, denies those allegations.

34.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and, therefore, denies those allegations.

35.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and, therefore, denies those allegations.

36.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and, therefore, denies those allegations.

37.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and, therefore, denies those allegations.

38.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and, therefore, denies those allegations.

39.    Mill-Rose denies the allegations of paragraph 39 of the Complaint.

40.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and, therefore, denies those allegations.

41.     Mill-Rose denies that the gutter protectors are a "knock-off." Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 41 of the Complaint and, therefore, denies the same.

42.     Mill-Rose admits that it never paid a royalty to Rainworks or Herdman but denies that a royalty payment was required under law. Mill-Rose denies that the gutter protectors are a "knock-off."

43.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and, therefore, denies those allegations.

44.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and, therefore, denies those allegations.

45.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and, therefore, denies those allegations.

46.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and, therefore, denies those allegations.

47.     Mill-Rose denies the allegations of paragraph 47 of the Complaint.

### FIRST CLAIM FOR RELIEF

48.     Mill-Rose denies the allegations of paragraph 48 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 48 of the Complaint and, therefore, denies those allegations.

49.     Mill-Rose denies the allegations of paragraph 49 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 49 of the Complaint and, therefore, denies those allegations.

50.     Mill-Rose denies the allegations of paragraph 50 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 50 of the Complaint and, therefore, denies those allegations.

51.     Mill-Rose denies the allegations of paragraph 51 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 51 of the Complaint and, therefore, denies those allegations.

52.     Mill-Rose denies the allegations of paragraph 42 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 52 of the Complaint and, therefore, denies those allegations.

53.     Mill-Rose admits that the Complaint gives written notice but denies that it has committed any acts of infringement. Mill-Rose is without knowledge or information sufficient

to form a belief as to the truth of the remainder of the allegations in paragraph 52 of the Complaint and, therefore, denies those allegations.

54. Mill-Rose denies the allegations of paragraph 54 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 54 of the Complaint and, therefore, denies those allegations.

55. Mill-Rose denies the allegations of paragraph 55 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 55 of the Complaint and, therefore, denies those allegations.

56. Mill-Rose denies the allegations of paragraph 56 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 56 of the Complaint and, therefore, denies those allegations.

57. Mill-Rose denies the allegations of paragraph 57 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 57 of the Complaint and, therefore, denies those allegations.

## SECOND CLAIM FOR RELIEF

58. All the prior paragraphs of the Answer are realleged and incorporated by reference as if fully set forth herein.

59. Mill-Rose denies the allegations of paragraph 59 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of

the remainder of the allegations in paragraph 59 of the Complaint and, therefore, denies those allegations.

60.     Mill-Rose denies the allegations of paragraph 60 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 60 of the Complaint and, therefore, denies those allegations.

### THIRD CLAIM FOR RELIEF

61.     All the prior paragraphs of the Answer are realleged and incorporated by reference as if fully set forth herein.

62.     Mill-Rose denies the allegations of paragraph 62 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 62 of the Complaint and, therefore, denies those allegations.

63.     Mill-Rose denies the allegations of paragraph 63 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 63 of the Complaint and, therefore, denies those allegations.

64.     Mill-Rose denies the allegations of paragraph 64 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 64 of the Complaint and, therefore, denies those allegations.

## FOURTH CLAIM FOR RELIEF

65.     All the prior paragraphs of the Answer are realleged and incorporated by reference as if fully set forth herein.

66.     Mill-Rose denies the allegations of paragraph 66 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 66 of the Complaint and, therefore, denies those allegations.

67.     Mill-Rose denies the allegations of paragraph 67 of the Complaint as to Mill-Rose. Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 67 of the Complaint and, therefore, denies those allegations.

## FIFTH CLAIM FOR RELIEF

68.     All the prior paragraphs of the Answer are realleged and incorporated by reference as if fully set forth herein.

69.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and, therefore, denies those allegations.

70.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and, therefore, denies those allegations.

71.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and, therefore, denies those allegations.

72.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and, therefore, denies those allegations.

73.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and, therefore, denies those allegations.

74.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and, therefore, denies those allegations.

75.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and, therefore, denies those allegations.

76.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and, therefore, denies those allegations.

## SIXTH CLAIM FOR RELIEF

77.    All the prior paragraphs of the Answer are realleged and incorporated by reference as if fully set forth herein.

78.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint and, therefore, denies those allegations.

79.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and, therefore, denies those allegations.

80.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and, therefore, denies those allegations.

81.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and, therefore, denies those allegations.

82.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and, therefore, denies those allegations.

83.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and, therefore, denies those allegations.

84.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint and, therefore, denies those allegations.

85.     Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint and, therefore, denies those allegations.

### SEVENTH CLAIM FOR RELIEF

86.    All the prior paragraphs of the Answer are realleged and incorporated by reference as if fully set forth herein.

87.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint and, therefore, denies those allegations.

88.    Mill-Rose denies the allegations of paragraph 88 of the Complaint.

89.    Mill-Rose denies the allegations of paragraph 89 of the Complaint.

### EIGHTH CLAIM FOR RELIEF

90.    All the prior paragraphs of the Answer are realleged and incorporated by reference as if fully set forth herein.

91.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint and, therefore, denies those allegations.

92.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint and, therefore, denies those allegations.

93.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint and, therefore, denies those allegations.

### NINTH CLAIM FOR RELIEF

94.    All the prior paragraphs of the Answer are realleged and incorporated by reference as if fully set forth herein.

95.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint and, therefore, denies those allegations.

96.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint and, therefore, denies those allegations.

97.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint and, therefore, denies those allegations.

98.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint and, therefore, denies those allegations.

99.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint and, therefore, denies those allegations.

100.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint and, therefore, denies those allegations.

## TENTH CLAIM FOR RELIEF

101.    All the prior paragraphs of the Answer are realleged and incorporated by reference as if fully set forth herein.

102.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint and, therefore, denies those allegations.

103.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint and, therefore, denies those allegations.

104.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint and, therefore, denies those allegations.

105.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint and, therefore, denies those allegations.

106.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint and, therefore, denies those allegations.

107.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint and, therefore, denies those allegations.

## ELEVENTH CLAIM FOR RELIEF

108.    All the prior paragraphs of the Answer are realleged and incorporated by reference as if fully set forth herein.

109.    Mill-Rose is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint and, therefore, denies those allegations.

110.    Mill-Rose denies the allegations of paragraph 110 of the Complaint.

111.    Mill-Rose denies the allegations of paragraph 111 of the Complaint.

112.    Mill-Rose denies the allegations of paragraph 112 of the Complaint.

113.    Mill-Rose denies the allegations of paragraph 113 of the Complaint.

114.    Mill-Rose denies the allegations of paragraph 114 of the Complaint.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

1.      The accused product of Mill-Rose does not infringe any valid or enforceable claim of the '068 Patent.

2.      The '068 Patent is invalid for failure to satisfy the conditions of patentability of a design specified in Title 35 of the United States Code, including §§ 102, 103 and/or 171.

3.      On information and belief, Plaintiffs have taken certain positions or done certain acts before the United States Patent and Trademark Office during the prosecution of the '068 Patent, to achieve allowance of the patent that result in the patent being invalid or that estop and/or preclude Plaintiffs from contending that the product manufactured by Mill-Rose infringes the '068 Patent.

4.      On information and belief, Plaintiffs have failed to mark product allegedly covered by the '068 Patent and have not met the requirements of 35 U.S.C. § 287 relating to marking and notice.

5.      The Court does not have subject matter jurisdiction as to the Seventh Claim for Relief (breach of contract), since that contract expressly gives a New Zealand Court exclusive jurisdiction as to a breach thereof.

6.      The Court does not have subject matter jurisdiction as to the Third, Fourth, Seventh and Eleventh Claims for Relief under 28 U.S.C. § 1332.

7.      Mill-Rose reserves the right to plead other applicable defenses that may be raised as discovery progresses.

WHEREFORE, Mill-Rose requests that this Court enter judgment decreeing:

A.      That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing; and

    B.    That such other and further relief as this Court may deem just and proper be awarded.

## COUNTERCLAIMS

Counterclaimant, The Mill-Rose Chemical Company ("Mill-Rose"), for its Counterclaims against Plaintiffs, Rainworks Limited and Michael Lawrence Herdman ("Plaintiffs"), alleges, avers and states as follows:

## FACTS COMMON TO ALL COUNTERCLAIMS

1.    Mill-Rose is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 7995 Tyler Boulevard, Mentor, Ohio 44060.

2.    On information and belief, Plaintiff Rainworks Limited ("Rainworks") is a corporation organized and existing under the laws of the country of New Zealand, having its principal place of business at 21 Rawene Road, Birkenhead Auckland, New Zealand.

3.    On information and belief, Plaintiff Michael Lawrence Herdman ("Herdman") is an individual and a resident of New Zealand having a residence at 21 Telstar Place, Auckland, New Zealand.

4.    These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States relating to patents, Title 35, U.S. Code, and under 28 U.S.C. §§ 1331, 1332 and 1338.

5.    Plaintiffs are subject to the jurisdiction of this Court and have submitted themselves to the jurisdiction of this Court by filing the present suit.

6.    Plaintiff Herdman is claiming to be the present owner of all right, title and interest in and to U.S. Patent No. DES. 381,068 ("the '068 Patent"). Plaintiffs Herdman and Rainworks

claim to have the right to sue and recover damages for the alleged infringement of the '068 Patent.

7.     An actual case or controversy exists between Plaintiffs and Mill-Rose based on Plaintiffs having filed a Complaint against Mill-Rose alleging infringement of the '068 Patent. Mill-Rose has been irreparably injured and damaged by Plaintiffs' filing of the Complaint in the present case, asserting a patent that is not infringed and is invalid and seeking damages known to be unrecoverable.

## FIRST COUNTERCLAIM

### (Declaration of Invalidity of the '068 Patent)

8.     Mill-Rose incorporates and repeats the allegations contained in paragraphs 1-7 of its Counterclaims as if fully set forth herein.

9.     The design shown in the '068 Patent is largely functional, so that the scope of the claimed design is extremely narrow if it exists at all.

10.     If the claimed design of the '068 Patent is construed so broadly as to cover Mill-Rose's product, such claimed design is invalid for failure to comply with the conditions and requirements set forth in 35 U.S.C. §§ 102, 103 and/or 171.

## SECOND COUNTERCLAIM

### (Declaration of Non-Infringement of the '068 Patent)

11.     Mill-Rose incorporates and repeats the allegations contained paragraphs 1-7 of its Counterclaims as if fully set forth herein.

12.     When properly construed, Mill-Rose has not infringed any valid or enforceable claim of the '068 Patent by the manufacture of the accused gutter protection product.

## PRAYER FOR RELIEF

WHEREFORE, Mill-Rose prays that:

A.      Plaintiffs' Complaint be dismissed in its entirety and with prejudice, with Plaintiffs taking nothing.

B.      This Court enter a judicial determination of the rights and liabilities of the parties and enter a decree to the effect that:

1.      Mill-Rose has not infringed, contributed to the infringement of, or induced the infringement of the '068 Patent and Mill-Rose is entitled to use and sell its accused product without any threats, intimidation or other interference by or from Plaintiffs;

2.      The '068 Patent is invalid, void and of no effect in law to the extent it encompasses any product of Mill-Rose;

3.      The Counterclaims are exceptional under 35 U.S.C. § 285.

C.      This Court enjoin Plaintiffs as well as Plaintiffs' officers, agents, servants, employees, attorneys, representatives, distributors, and all other persons in active concert or participation with Plaintiffs from stating, implying or otherwise communicating to others that Mill-Rose or its customers have infringed, contributed to the infringement of, or induced infringement of the '068 Patent.

D.      Mill-Rose recover from Plaintiffs its damages, fees and costs, including but not limited to its reasonable attorneys' fees under 35 U.S.C. § 285.

E.      Mill-Rose be awarded such other relief as the Court deems just and proper.

Respectfully submitted,

Date:  August 3, 2006    /s/Jude A. Fry

            Brian E. Turung (0052034)
            Jude A. Fry (0053651)
            FAY, SHARPE, FAGAN
            MINNICH & McKEE, LLP
            1100 Superior Avenue, 7th Floor
            Cleveland, Ohio  44114-2579
            Phone:  (216) 861-5582
            Fax:  (216) 241-1666
            E-Mail:  bturung@faysharpe.com
                jfry@faysharpe.com

            Attorney for Defendant
            The Mill-Rose Company

A TRIAL BY JURY FOR THE WITHIN CAUSE IS HEREBY DEMANDED.

Dated:  August 3, 2006    /s/ Jude A. Fry

            Brian E. Turung (0052034)
            Jude A. Fry (0053651)
            Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on **August 3, 2006**, a copy of the foregoing **Answer, Affirmative Defenses and Counterclaims** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Jude A. Fry
Brian E. Turung (0052034)
Jude A. Fry (0053651)
FAY, SHARPE, FAGAN
MINNICH & McKEE, LLP
1100 Superior Avenue, 7th Floor
Cleveland, Ohio 44114-2579
Phone: (216) 861-5582
Fax: (216) 241-1666
E-Mail: bturung@faysharpe.com
jfry@faysharpe.com

Attorney for Defendant
The Mill-Rose Company