IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAINWORKS LIMITED, et al., | ) | CASE NO. 1:06 CV 1549 |
| | ) | |
| Plaintiffs | ) | JUDGE BOYKO |
| | ) | MAGISTRATE JUDGE PERELMAN |
| vs. | ) | |
| | ) | |
| THE MILL-ROSE COMPANY, et al., | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| Defendants | ) | |

IT IS HEREBY ORDERED that:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys Eyes Only" shall only be used in this proceeding or in other litigation between the same parties.

2. Use of any information or documents subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case or other litigation between these parties and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, in no way operates to restrict the disclosure or use of any information or documents that are known or become known through lawful means or sources outside of this litigation. Specifically, nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party of information or material obtained by such party independently of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate. Further, this Protective order shall not apply to information which (a) was

known to the receiving party before disclosure hereunder, (b) is or becomes public knowledge through no breach of the provisions of this Protective Order, (c) is independently developed by the receiving party through employees having no access to the confidential material disclosed hereunder, or (d) is disclosed to the receiving party by a third party, so long as the disclosure does not breach any obligations of confidentiality owed by the third party to the producing party.

3. The parties may designate as "confidential" such documents, testimony, or other materials produced in this case that contain or that could lead to the disclosure of confidential business or commercial information. If any party to or witness in this action claims that any document or other material produced by such party or witness, or any information contained in the document or material, is confidential, then the party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Confidential."

4. The parties also may designate as "Attorneys' Eyes Only" such documents, testimony, or other materials produced in this case that contain confidential business or commercial information as to which the producing party contends it would suffer competitive injury if such information were to be disclosed to any other party. If any party to this action or witness claims that any document or other material produced by such party or witness or any information contained in the document or material falls within this category, then the party so claiming shall mark the document, and each page of the document, with a stamp identifying it as "Attorneys' Eyes Only."

5. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" are filed with the Court, they shall be filed under seal.

6. Within thirty days after receipt of the transcript of the deposition of any party or witness in this case, if the questioning is such that the party or witness determines that the

answers disclose confidential information or could lead to the disclosure of confidential information, such party or witness may designate that information Confidential, and, when filed with the Court, the transcript containing this material shall be under seal.

7. Confidential or Attorneys' Eyes Only information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc., have been filed under seal. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

8. Use of any information and documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

   a. The directors, officers and employees of the parties to whom it is necessary to disclose the confidential information or documents;

   b. Counsel for any party to the above-captioned litigation, including the party's in-house attorneys, and all employees of counsels' firms/in-house legal departments, including, but not limited to, paralegal, stenographic and clerical employees;

   c. Any individual retained or specially employed by a party as a witness or as an expert either in anticipation of litigation, preparation for trial or to testify at trial;

   d. Nonparty witnesses (and their counsel) during depositions in this action or to the extent reasonably necessary in preparing for those depositions;

  e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

  f. Any person identified, either on the face of the documents or through testimony or discovery response, as an author or recipient of the documents in the ordinary course of business: and

  g. Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

  9. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

  a. Counsel for any party to the above-captioned litigation, including the party's in-house attorneys, and all employees of counsels' firms/in-house legal departments, including, but not limited to, paralegal, stenographic and clerical employees:

  b. Any individual retained or specially employed by a party as a witness or as an expert either in anticipation of litigation, preparation for trial or to testify at trial;

  c. The court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action:

  d. Any person identified, either on the face of the documents or through testimony or discovery response, as an author or recipient of the documents in the ordinary course of business: and

e. Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

10. Each person to whom materials are disclosed pursuant to the provisions of paragraphs 8(a) (d) and 9(a) (b), before any such disclosure, shall sign Exhibit A to Protective Order attached hereto, a copy of which shall be retained by counsel who furnished to the person the materials being disclosed.

11. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be disclosed in a deposition or other hearing or proceeding, any party claiming confidentiality may exclude from the room any person, other than persons designated in Paragraphs 8 and 9 of this Protective Order, as appropriate, for that portion of the deposition, hearing or proceeding. If any Confidential Information that a party desires to designate or mark as "Confidential" or "Attorneys' Eyes Only" is disclosed during a deposition before such Confidential Information has been disclosed by a production of documents, the party desiring to designate or mark the information as "Confidential" or "Attorneys' Eyes Only" may, on the record, designate such Confidential Information as "Confidential" or "Attorneys' Eyes Only," in which case all such Confidential Information shall be subject to the protections and restrictions set forth in this Protective Order.

12. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information. Nothing in this Protective Order shall prejudice any party from seeking amendments broadening or restricting the rights of access to and use of confidential information hereunder, or other modifications, subject to order by the Court.

13. Upon the request of the producing party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the other party or parties shall return to every other party or witness all information and documents subject to this Protective Order and any copies thereof. This material shall be delivered in sealed envelopes marked "Confidential" to respective counsel.

14. Each party reserves the right to dispute the confidential status claimed by any other party in accordance with this Protective Order. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court.

15. If any party believes that any information or documents have been inappropriately designated by another party or witness as "Confidential" or "Attorneys' Eyes Only," the party shall, in writing, inform counsel for the party or the witness claiming the protected status. If the parties and/or the witness are unable to resolve the matter informally, the party objecting to the claim to protected status may then file an appropriate motion before the Court.

16. The inadvertent failure to designate a document, testimony, other information as "Confidential" or "Attorneys' Eyes Only," prior to or at the time of disclosure shall not operate as a waiver of the party's right to later designate said document, testimony, or other information as "Confidential" or "Attorneys' Eyes Only" unless the receiving party can demonstrate unfair prejudice from such late designation. Any such late designation shall be made promptly upon discovery of the inadvertent failure to make such designation at or prior to the time of disclosure, and in the event of dispute as to whether such late designation was timely made, the burden of proof both as to the inadvertence of the original failure to designate and the timeliness of the late

6

designation shall rest with the producing party, and the burden of showing unfair prejudice from the late designation shall rest with the receiving party.

17. Any non-party who produces Confidential or Attorneys' Eyes Only information, documents or other materials in this case pursuant to subpoena or otherwise has the same rights and obligations granted the parties in paragraphs 2-4, 6, 11-13 and 16 hereof.

18. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

DATED this 9th day of January, 2007.

**FILED**

JAN - 9 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

_____
JUDGE CHRISTOPHER A. BOYKO

Charles P. Royer
DAVID A. SCHAEFER (0014297)
CHARLES P. ROYER (0037104)
McCarthy, Lebit, Crystal & Liffman
  Co., L.P.A.
101 Prospect Avenue, W., Suite 1800
Cleveland, OH 44115
(216) 696-1422
das@mccarthylebit.com
cpr@mccarthylebit.com

H. Alan Rothenbuecher (Per E-mail Approval)
H. Alan Rothenbuecher, Esq. (0041883)
Schottenstein Zox & Dunn Co., L.P.A.
US Bank Centre at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, OH 44115
(216) 671-6501
hrothenbuecher@szd.com
*Attorney for Plaintiffs Rainworks Ltd.
and Michael Laurence Herdman*

George L. Pinchak (Per E-Mail Approval)
George L. Pinchak (0056196)
Tarolli, Sundheim, Covell & Tummino, LLP
1300 E. 9th Street, Suite 1700
Cleveland, OH 44114
(216) 621-2234
*Attorneys for Defendants, Gutterpiller, Inc.
Wilmington International, Inc. and Thomas J. Duffy*

Thomas Mazanec (Per E-Mail Approval)
Thomas Mazanec, Esq. (0009050)
Mazanec, Raskin & Ryder Co., L.P.A
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
tmazanec@mrrlaw.com
*Attorney for Defendant Amerisales, Inc.*

7

<u>Brian E. Turung, Esq. (Per E-Mail Approval)</u>
Brian E. Turung, Esq. (0052034)
Fay, Sharpe, Fagan, Minnich & McKee, LLP
Seventh Floor
1100 Superior Avenue
Cleveland, OH 44114-2579
(216) 861-5582
bturung@faysharpe.com
*Attorney for Defendant The Mill-Rose Company*

# EXHIBIT A TO PROTECTIVE ORDER

I hereby acknowledge that I have received a copy of the Protective Order dated the _____ day of January, 2007 in the action titled *Rainworks Limited, et al. v. The Mill-Rose Company, et al.*, Case No. 1:06 CV 1549 before the United States District Court for the Northern District of Ohio, Eastern Division (the "Protective Order"). I have read the Protective Order, and agree to be bound by its terms. I further submit to the jurisdiction of the United States District Court for the Northern District of Ohio for purposes of this Agreement.

_____
Signature

_____
Name (printed)

_____
Date