UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAINWORKS LIMITED, et al., | ) | CASE NO.:  1:06CV1549 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| vs. | ) | **DEFENDANT AMERISALES, INC.'S** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| THE MILL-ROSE COMPANY, et al., | ) | **AS TO ALL CLAIMS AGAINST IT** |
| | ) | |
| Defendants. | ) | |

Now comes Defendant Amerisales, Inc., by and through counsel, Mazanec, Raskin,
Ryder & Keller Co., LPA, and hereby moves this Honorable Court for an Order granting
Defendant AmeriSales, Inc.'s Motion for Summary Judgment.  A Brief in Support is attached
hereto and incorporated herein by reference.

Respectfully submitted,

MAZANEC, RASKIN, RYDER & KELLER CO., L.P.A.

*s/Paul J. Cristallo*
THOMAS S. MAZANEC (0009050)
PAUL J. CRISTALLO  (0061820)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   tmazanec@mrrklaw.com
pcristallo@mrrklaw.com

Counsel for Defendant Amerisales, Inc.

## BRIEF IN SUPPORT

### I.    FACTS

Defendant AmeriSales, Inc.'s Motion for Summary Judgment either references fact and law in separately filed pleadings or sets forth relevant facts and law herein.    Defendant AmeriSales, Inc. moves for judgment in its favor on all of Plaintiffs' claims.

### II.    COUNT NINE OF PLAINTIFFS' AMENDED COMPLAINT:    BREACH OF CONTRACT

Defendant AmeriSales, Inc. herein moves this Honorable Court for judgment in its favor on Plaintiffs' breach of contract claim based on the fact that, even when construing the facts most favorably in favor of Plaintiffs, there is no genuine issue of material fact that Plaintiffs cannot prove the elements of their claim.  It is axiomatic that the elements for breach of contract claim are that a plaintiff must demonstrate by a preponderance of evidence 1) that a contract existed; 2) that the plaintiff fulfilled its obligations; 3) that the defendant failed to fulfill its obligations; and, 4) that damages resulted from this failure.  _Lawrence v. Lorain Cty. Community College_ (1998), 127 Ohio App. 3d 546, 548-549.   The failure for plaintiff to prove by preponderance of the evidence any one of these elements is fatal to a breach of contract claim.  _Id._

On July 16, 2007, Plaintiffs' economic expert. Dr. Harvey S. Rosen, submitted an expert report wherein he outlined Plaintiffs' damages. (See Rosen 07/16/07 report attached hereto as Exhibit "A").    Dr. Rosen lists those six areas of economic damages upon which Plaintiffs are basing their claims and for which they are seeking judgment (Exhibit "A" at Summary Sheet p. 2).   Dr. Rosen allocates specific dollar amounts for each category of damages and he further

2

names those Defendants which purportedly bear responsibility for said damages.  Dr. Rosen's report indicates as follows:

- Loss of royalties – Co-Defendant Gutterpiller;

- Disgorgement of Profits from the Sale of Competing and Infringed Products – Co-Defendant Gutterpiller;

- Trademark Licensing Fees – Co-Defendant Gutterpiller;

- Disgorgement of Profits from False Advertising – Co-Defendants Gutterpiller and Mill-Rose;

- Mill-Rose interference with Gutterpiller/Rainworks Agreement (Mill-Rose); and

- Falsemarking (not designated).

Dr. Rosen's deposition took place on December 6, 2007.  At his deposition, Dr. Rosen confirmed the following:

- He reviewed some financial record(s) from AmeriSales prior to authoring his expert report;

- Dr. Rosen did not incorporate information from AmeriSales in any way, shape or form into his Damage Analysis Report;

- Dr. Rosen was specifically able to allocate other measures of damages to Co-Defendants Gutterpiller and Mill-Rose; and

- Dr. Rosen had no information or evidence to substantiate that *any* of Plaintiffs' damages were caused by AmeriSales, Inc.;

  (Deposition of Dr. Rosen attached hereto as Exhibit "B", pages 69 to 72)

Defendant AmeriSales, Inc. concedes that a Court may award nominal damages against a party for breach of contract in the absence of proof of other damages.  *DeCastro v. Wellston City School Dist. Bd. Of Edn.* (2002), 94 Ohio St. 3d 197.  However, unless a "significant right" is involved, including an equitable assessment of costs, the granting of a motion for summary

3

judgment based on an absence of damages is appropriate in a breach of contract claim and will not be disturbed on appeal.  *Id*. at 200.

Accordingly, Defendant AmeriSales, Inc. moves this Honorable Court for judgment in its favor as to Plaintiffs' breach of contract claim at Count Nine.  Plaintiffs have failed to produce any competent, credible evidence that Defendant AmeriSales, Inc. caused Plaintiffs financial damage.

## III.  COUNTS TEN AND ELEVEN OF PLAINTIFFS' AMENDED COMPLAINT: TORTIOUS INTERFERENCE

In Counts Ten and Eleven of Plaintiffs' Amended Complaint the alleged tortious interference with prospective economic advantage as well as tortious interference with contract. Defendant AmeriSales, Inc. herein adopts and incorporates by reference the Facts and Law as to Co-Defendants Gutterpiller, Inc., Wilmington International, Inc. and Thomas Duffy's Motion for Summary Judgment on the issues of tortious interference.

Furthermore, the elements of tortious interference with a business relationship are (1) a business relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co., Inc.* (2002), 148 Ohio App. 3d 596.

As set forth above, Plaintiffs present no evidence that Defendant AmeriSales, Inc. is responsible for any alleged economic damages.  As such, and because Plaintiffs can not establish a claim for tortious interference against AmeriSales, Defendant AmeriSales, Inc. is entitled to judgment as a matter of law.

4

## IV.  COUNT ONE OF PLAINTIFFS' AMENDED COMPLAINT:  PATENT INFRINGEMENT

Defendant AmeriSales, Inc. herein adopts and incorporates by reference the Statement of Facts and Argument of Law as set forth in Co-Defendants Gutterpiller, Inc., Wilmington International, Inc. and Thomas Duffy's Motion for Summary Judgment as to Count I in Plaintiffs' Amended Complaint regarding patent infringement.  AmeriSales, Inc. submits that Plaintiffs will be unable to produce any evidence that AmeriSales, Inc. infringed on any patents.

## V.  COUNTS THIRTEEN AND FIFTEEN OF PLAINTIFFS' AMENDED COMPLAINT: FALSE MARKETING AND UNFAIR COMPETITION

Defendant AmeriSales, Inc. reasserts and incorporates the facts and law as set forth above regarding Plaintiffs' Breach of Contract claim.  Moreover, Defendant AmeriSales, Inc. is entitled to judgment as a matter of law on Plaintiffs' False Marking and Unfair Competition claims based on the same facts and law which establish that Defendant AmeriSales, Inc. is entitled to judgment on Plaintiffs' claims number 1 (patent infringement), 10 and 11 (tortious interference).

## VI.  CONCLUSION

Based on the foregoing, Defendant AmeriSales, Inc. requests this Honorable Court for judgment as to all of Plaintiffs' claims.

Respectfully submitted,

MAZANEC, RASKIN, RYDER & KELLER CO., L.P.A.


*s/Paul J. Cristallo*
THOMAS S. MAZANEC (0009050)
PAUL J. CRISTALLO  (0061820)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax

5

Email:    tmazanec@mrrklaw.com
          pcristallo@mrrklaw.com

Counsel for Defendant Amerisales, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2007, a copy of the foregoing Defendant AmeriSales, Inc.'s Motion for Summary Judgment was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Paul J. Cristallo*
THOMAS S. MAZANEC (0009050)
PAUL J. CRISTALLO  (0061820)

Counsel for Defendant Amerisales, Inc.

NAUT-060205/Defendant Amerisales MSJ