**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RAINWORKS LIMITED, et al.,** | ) | **CASE NO.  1:06CV1549** |
| | ) | |
| Plaintiffs, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **THE MILL-ROSE COMPANY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #158) of Defendant, The Mill-Rose Company ("Mill-Rose"), for Reconsideration of Order Denying Summary Judgment on the Count of Tortious Interference with Contract, as well as the Plaintiffs' Joint Motion (ECF DKT #161) to Strike Mill-Rose's Reply.  For the following reasons, the Motion for Reconsideration is denied and the Motion to Strike is denied as moot.

**I. BACKGROUND**

In its Opinion and Order (ECF DKT #157), dated March 31, 2009, the Court granted in part and denied in part Mill-Rose's Motion for Summary Judgment.  Specifically, with respect to Count 12 of Plaintiffs' Complaint, alleging tortious interference by Mill-Rose with

Plaintiffs' license agreement with AmeriSales, the Court considered the relevant deposition and affidavit/declaration evidence, and denied summary judgment, saying: "there are genuine issues of material fact as to what was known by Mill-Rose and when it was known in relation to the License Agreement."  (Opinion and Order, ECF DKT #157, p.18).  Now, in its Motion for Reconsideration, Mill-Rose "seeks to clarify the facts that the Court appears to have relied upon and to respectfully encourage the Court to 'take a second look' at its analysis so as to promote judicial efficiency as well as prevent any injustice."  ( Reply, ECF DKT #160, p. 2).

## II. LAW AND ANALYSIS

### Motion for Reconsideration

The Federal Rules of Civil Procedure do not provide for motions to reconsider. Generally, they are treated as motions to alter or amend a judgment under Fed.R.Civ.P. 59(e). Motions for reconsideration, though frequently brought, are granted only in rare and unusual circumstances.  *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995).

> "Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.  To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues."

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F.Supp.1182,1184 (N.D. Ohio 1996) (internal citations and quotations omitted).

Furthermore, a "motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling,

presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F.Supp.2d 573, 634 (N.D. Ohio 2003).  Defendant's motion accomplishes none of those goals.

Mill-Rose supplies no newly-discovered facts nor identifies any intervening change in the applicable law.  Mill-Rose fails to point to any clear legal error.  Mill-Rose has not demonstrated any manifest injustice.

### III. CONCLUSION

The Court will not revisit the facts relating to the issue of tortious interference, will not review its analysis, nor revise its decision pursuant to Mill-Rose's inappropriate request for clarification or a "second look."  The Motion for Reconsideration is denied.

Plaintiffs ask the Court to strike the Defendant's Reply Brief because they contend it asserts theories for the first time, which were available at the time of the original dispositive motion and the initial reconsideration motion.  In light of this Court's decision denying reconsideration, Plaintiffs' Joint Motion to Strike the Reply Brief is denied as moot.

**IT IS SO ORDERED.**

**DATE: July 30, 2009**

<u>S/Christopher A. Boyko</u>
**CHRISTOPHER A. BOYKO**
**United States District Judge**